*Allen* for plaintiff; *Owsley & Goodloe* for defendant.

JOHNSTON
*vs*
BRECKENRIDGE
*et al.*

tains the right to possession, but does not divest the possession in fact, but only gives the authority of law through its process, and the officers of the law to regain the possession.

---

## Johnston *vs* Breckenridge *et al.*

APPEAL FROM THE JEFFERSON CIRCUIT.

*Estoppel. Parties and privies.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

ALTHOUGH the prior entry of the elder patentee may not constructively cover the land claimed in this case by, and decreed to the parties holding under the junior patent and entry, nevertheless all parties claiming as they do, under *Daniel*, who made the entries, the appellant is, in our opinion, protected to the extent of the inter-

CHANCERY.

*Case* 99.

*April* 29.

D. having an elder entry and grant conveys—after a junior entry in the name of D. is made to interfere with the first—held that those claim-

ing under the junior entry are estopped, as D himself would be, to say that the first entry patented & conveyed by D. was not legally surveyed according to entry.

ference between the surveys and patents (about 450 acres) by *Daniel's* conveyance to his (the appellant's) ancestor of 800 acres of his (Daniel's) *"survey"* of 1000 acres. That *survey* embraces the whole of the land decreed to the appellees under a subsequent survey made on one of Daniel's junior entries, assigned after the date of the said conveyance, which identifies *the land conveyed* as bounded and embraced by the *survey as made*, and therefore, as it appears that this deed includes the land in controversy, it operates as an estoppel against Daniel and all persons claiming, as the appellees do, subsequently under him, from disturbing the appellant's right to the land so identified and sold, by going behind that survey and showing that the entry did not, according to legal construction, include all the land embraced by the survey as made, and thus recognized by Daniel himself.

Upon this ground, therefore, we are clearly of the opinion that the decree against the appellant is unsustainable. That decree is consequently reversed and the cause remanded, with instructions to dismiss the bill and dissolve the injunction as to the appellant.

*Guthrie* and *Morehead & Reed* for appellants; *Loughborough* for appellee.